**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

No. 94-10720
(Summary Calendar)

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

TOMAS DAVILA,

                                        Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas
(3:94-CR-84-3)

---

October 27, 1995

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Tomas Davila appeals his jury conviction for violating 21 U.S.C. § 841(a)(1) by possessing with intent to distribute marijuana.  On appeal Davila complains of plain error

---

[*]Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

caused by improper comments by the prosecutor and admission of hearsay; also, he complains of ineffective assistance of counsel. For the reasons set forth below we find no clear error, and decline to consider ineffective assistance of counsel on this direct appeal. We therefore affirm Davila's conviction.

I

FACTS AND PROCEEDINGS

In February 1994, Drug Enforcement Administration (DEA) special agent Henry Biddle received information from a shipping company, Central Transport, indicating that it had received two large, suspicious-looking crates from Laredo Texas. Although the bill of lading accompanying the crates indicated that they contained textiles, the type of crate was not appropriate for shipping textiles. Biddle investigated and found that the company, the name of which appeared on the side of the crates, did not exist. Biddle next obtained the services of a narcotics-detecting dog from the Dallas Police Department, and the dog alerted to the presence of narcotics in the two crates. A search warrant was obtained, and the ensuing search revealed approximately 500 pounds of marijuana in the crates.

Several days later, Central Transport informed Biddle that an unknown man had been inquiring about the two crates. The DEA established surveillance at Central Transport and observed as two men picked up the creates and loaded them into a truck. Agents followed the truck to a private residence in Arlington, later identified as Davila's residence, where the two creates were

2

unloaded into the garage.  After the two men drove away in the truck, a third man came out of the house and moved a yellow Chevrolet Malibu into the spot in front of the garage where the truck had been parked.

Officers obtained a search warrant at approximately 2:30 a.m. and executed a search during which they found over 1000 pounds of marijuana in the garage, and Davila in the house.  In the house, the officers also found a bag in Davila's bedroom closet containing $53,215, a 100-pound scale, a 10-pound scale, and several shipping crates similar to those observed at Central Transport.

Davila was charged in a one-count indictment with possession with intent to distribute in excess of 100 kilograms of marijuana. After pleading not guilty, Davila was tried and convicted by a jury.  After he was sentenced, Davila timely noticed his appeal.

II

ANALYSIS

On appeal, Davila objects to the prosecutor's allegedly improper argument and to admission of alleged hearsay testimony from Agent Biddle.  Davila failed to object to these two purported errors in the district court, so we review these errors for plain error.

To succeed under the plain error standard, an appellant has the burden of showing that there is actually an error, that it is plain, and that it affects substantial rights.  <u>Olano</u>, 113 S. Ct. at 1777-78; <u>United States v. Rodriquez</u>, 15 F.3d 408, 414-15 (5th Cir. 1994); Fed. R. Crim. P. 52(b).  Plain error is one that

3

is "clear or obvious, and, at a minimum, contemplates an error which was clear under current law at the time of trial." United States v. Calverley, 37 F.3d 160, 162-63 (5th Cir. 1994) (en banc) (internal quotation and citation omitted). "[I]n most cases, the affecting of substantial rights requires that the error be prejudicial; it must affect the outcome of the proceeding." Id. at 164. We lack authority to relieve an appellant of this burden. Olano, 113 S. Ct. at 1781.

Moreover, the Supreme Court has directed that, even when the appellant carries his burden, "Rule 52(b) is permissive, not mandatory. If the forfeited error is `plain' and `affect[s] substantial rights,' the Court of Appeals has authority to order correction, but is not required to do so." Olano, 113 S. Ct. at 1778 (quoting Fed. R. Crim. P. 52(b)). As we stated in Olano:

> the standard that should guide the exercise of [this] remedial discretion under Rule 52(b) was articulated in United States v. Atkinson, 297 U.S. 157, 56 S. Ct. 391, 80 L.Ed. 555 (1936). The Court of Appeals should correct a plain forfeited error affecting substantial rights if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

Olano, 113 S. Ct. at 1779 (quoting Atkinson, 297 U.S. at 160). Thus, our discretion to correct an error pursuant to Rule 52(b) is narrow. Rodriquez, 15 F.3d at 416-17.

A.  Prosecutorial Misconduct

Davila contends that the prosecutor repeatedly made improper comments during closing arguments, asserting that he repeatedly injected his personal opinion as to the credibility of each side's

4

witnesses and as to the conclusions to be drawn from the evidence. Davila also urges that the prosecutor improperly referred to Davila's failure to call his wife as a witness, contending that, because his wife was potentially a witness available to both sides, it was impermissible for the prosecution to highlight Davila's decision not to call his wife as a witness. We have examined the trial transcript and find no plain error in the prosecutor's statements.

B.    Hearsay

Conceding that his attorney failed to raise an objection at trial, Davila contends that the district court plainly erred by allowing hearsay testimony from Agent Biddle. Davila asserts that the hearsay testimony occurred when Biddle testified about conversations he had with a manager and other personnel at Central Transport, with other DEA agents, and with other law enforcement agents. The government responds that it is not hearsay for a law enforcement officer to testify to statements made to him by others in the course of his investigation. Irrespective of whether Biddle's testimony concerning such statements was hearsay, the overwhelming evidence supporting Davila's conviction keeps him from establishing that his substantial rights were violated by the admission of that testimony. See Calverley, 37 F.3d at 164.

C.    Ineffective Assistance of Trial Counsel

Finally, Davila argues that trial counsel was ineffective for failing to object to the prosecutor's misconduct during closing argument, or to admission of the hearsay testimony of Agent Biddle.

"As a general rule, Sixth Amendment claims of ineffective assistance of counsel cannot be litigated on direct appeal, unless they were adequately raised in the district court." United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995). Davila did not raise this ineffectiveness claim in the district curt. As a result, we cannot determine from the record, for example, whether Davila's trial counsel was exercising a strategic choice by not objecting to the prosecutor's statements or to the alleged hearsay testimony. We therefore decline to consider Davila's ineffectiveness claim in this direct appeal. He is not, however, precluded from raising an ineffective-assistance claim in a 28 U.S.C. § 2255 motion. See United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991). AFFIRMED.